IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-00860-WDM-KLM


HARLAN  WALTER ASHCRAFT, III,,

      Plaintiff(s),

v.

JAMES L.  BEICKLER,
TY P.  MARTIN,
KURT HAMMEL,
BRIAN WEBB,  and
BOARD OF COUNTY COMMISSIONERS OF FREMONT COUNTY,

      Defendant(s).
_____

## ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter comes before the Court on the **Plaintiff's Motion for Leave to Give**

**Deposition and to Attend Settlement Conference by Telephone** [Docket No. 27; filed

September 13, 2007] (the "Motion").  The Court has reviewed the Motion, the Response

[Docket No. 30; filed September 18, 2007], applicable Federal Rules of Civil Procedure

and case law, and is sufficiently advised regarding the relief sought.  IT IS HEREBY

**ORDERED** that the Motion is **GRANTED**, as specified below.

      Plaintiff requests leave of the Court to be deposed by Internet telephone and

webcam, and also to attend his settlement conference, currently set for December 13,

2007, by the same means.  As grounds for this request, Plaintiff states that he has

accepted in employment in Kuwait as of September 18, 2007.  Plaintiff cites the high costs

of traveling between Kuwait and the United States (approximately $5,000) and his current

lack of any leave time that would allow him to travel.  *Motion*, p. 2, ¶ ¶ 3-4.

Defendant opposes the Motion.  *Defendant's Response to Plaintiff's Motion for

Leave to Give Deposition and to Attend Settlement Conference by Telephone* [Docket No.

30; filed September 18, 2007] ("Response").  Defendant states "seeing Plaintiff during the

deposition [is] critical to a thorough evaluation of the case" and that before Defendant

could truly consider the request to depose by Internet telephone and webcam, "detailed

information regarding the technical aspects and logistics of such an arrangement would

have to be provided."  *Response,* pgs. 2-3, ¶ 4.  Finally, Defendant states that even if

Plaintiff is deposed by Internet telephone and webcam, Defendant seeks to reserve two

hours to take Plaintiff's deposition in person before the discovery cut-off, currently set for

February 1, 2008.  *Response,* p. 3, ¶ 1.

Generally, a plaintiff is required to make himself available for examination in the

district where suit was brought.  As the plaintiff has selected the forum, it is reasonable to

require him to appear in-person for his deposition. *United States v. Rock Springs Vista

Dev.,* 185 F.R.D. 603, 604 (D.Nev. 1999).  There is no doubt that taking a deposition via

webcam or internet telephone is an unorthodox arrangement.  Indeed, there is a dearth of

case law addressing such an arrangement.  However, pursuant to Fed. R. Civ. P. 30(b)(7),

the court may "order that a deposition be taken by telephone or other remote electronic

means."  However, a plaintiff is required to make a specific showing of hardship in order

to warrant a court order of a telephonic deposition. *Rock Springs Vista Dev.,* 185 F.R.D.

at 604; *Clem v. Allied Van Lines International Corp.*, 102 F.R.D. 938, 940 (S.D.N.Y). It is insufficient for a plaintiff to make unsupported assertions with respect to hardship in order to avoid appearing in person for his deposition.  *See Cobell v. Norton*, 213 F.R.D, 43, 47-48 (D.C. 2003).

Here, the Court finds that Plaintiff has demonstrated hardship.  Considering that Plaintiff is currently employed in Kuwait, has no available leave time, and the cost of international travel, requiring him to fly to Colorado for his deposition would constitute a hardship.  Defendants shall take Plaintiff's deposition by video or webcam.  The cost relating to taking the deposition by video or webcam (excluding attorney's fees) shall be borne by Plaintiff.  If Defendants, in their sole discretion, determine that a visual image of Plaintiff during his deposition is unnecessary, the deposition may be conducted by telephone.

Plaintiff is also granted leave to participate in his settlement conference, currently set for December 13, 2007, by telephone.  As Plaintiff is represented by local counsel, Ms. Larson, Plaintiff's counsel is ordered to attend the settlement conference in person.

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated:  September 26, 2007