IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00860-WDM-KLM

HARLAN WALTER ASHCRAFT, III,

    Plaintiff,

v.

JAMES L. BEICKER, Sheriff, Fremont County,
TY P. MARTIN, Under Sheriff, Fremont County; and
FREMONT COUNTY SHERIFF'S DEPARTMENT,

    Defendants.

---

## STIPULATION AND PROTECTIVE ORDER

---

Plaintiff Harlan Walter Ashcraft III and Defendants James L. Beicker, Ty P. Martin and the Fremont County Sheriff's Department ("Defendants"); by and through their respective counsel, hereby stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information and, as grounds, state as follows:

    1.    Plaintiff has propounded to Defendants a set of interrogatories, requests for admission and requests for production of documents. In his discovery requests, Plaintiff seeks discovery related to confidential personal, personnel and employment matters of current and former employees of the Fremont County Sheriff's Office.

    2.    In recognition of the privacy rights of the individuals involved, the parties agree that to the extent that confidential personal, personnel, and employment information, as

1

described in paragraph 1 above, are revealed by Defendants, all such information shall be maintained in the strictest of confidence, shall only be disclosed as permitted by this agreement and the Protective Order, and shall only be used for the purposes permitted by this agreement and the Protective Order as necessary for the purposes of this lawsuit. The parties further agree:

    a.    That Defendants will not produce the confidential documents sought by the discovery requests set out in paragraph 1, above, until after entry of the Protective Order contemplated hereby;

    b.    That all documents produced in response to the discovery set out in paragraph 1 will be stamped CONFIDENTIAL to indicate their protected nature;

    c.    That no document stamped CONFIDENTIAL that is produced in accordance with the Protective Order, when entered, may be disclosed to any person by Plaintiff or Plaintiff's counsel except pursuant to the terms of this agreement and the Protective Order;

    d.    That nothing herein will prohibit Plaintiff's counsel from applying to the Court to remove a designation of CONFIDENTIAL from a particular document, provided that Defendants are given notice of such application and an opportunity to respond;

    e.    That if documents stamped CONFIDENTIAL are used in connection with a motion or application to the Court, they shall be filed under seal and shall remain under seal so long as they retain their designation as CONFIDENTIAL;

    f.    That nothing in this agreement or any Protective Order to be entered as contemplated hereby shall prevent the parties from seeking a modification of this order or objecting to discovery otherwise believed to be objectionable;

g.       That nothing herein or in the Protective Order contemplated hereby will prejudice the right of any party to contest the alleged relevancy, admissibility or discoverability of the confidential documents and information sought;

h.       That review otherwise permissible hereunder of the CONFIDENTIAL documents and information by counsel experts or consultants for the parties will not waive the confidentiality of those documents or information or objections to production thereof, and that inadvertent, unintentional or in camera disclosure of CONFIDENTIAL documents and information will not be deemed a waiver in whole or in part of a claim of confidentiality; and

i.       That portions of depositions involving CONFIDENTIAL documents and related questioning shall likewise be treated as CONFIDENTIAL according to the terms hereof and of the Protective Order.

j.       That the parties agree that all such information shall not be communicated to individuals other than: (I) attorneys actively working on this case; (ii) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case; (iii) the Plaintiff (who personally agrees to be bound by the confidentiality provisions hereof); (iv) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceeding in this case; (v) the Court and its employees ("Court Personnel"); (vi) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; (vii) deponents, <u>providing however, that no disclosure may be made to any non-party deponent unless that deponent already</u>

knows the content of the documents to be produced; and (viii) other persons by written agreement of the parties.

   k. That prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, Plaintiff, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of the Protective Order and obtain from such person a written acknowledgment stating that he or she has read the Protective Order and agrees to be bound by all of its provisions (See Exhibit A); all such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel;

   l. Plaintiff's counsel agrees to notify defense counsel sufficiently in advance of a deposition during which Plaintiff's counsel intends to question a deponent regarding CONFIDENTIAL documents or information as contemplated to be protected hereby to allow defense counsel to ascertain whether such deponent in fact is or may be aware of a CONFIDENTIAL document's content;

   m. That documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL;" and

   n. That whenever a deposition involves the disclosure of CONFIDENTIAL information the deposition or portions there of shall be designated as CONFIDENTIAL and shall be subject to the provision of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is

promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

3.  The Protective Order is not intended to prohibit or restrain either party from performing the tasks necessary to prepare for trial; however, any communication of the information covered by the Protective Order, except as specifically allowed by this Protective Order, is prohibited.

4.  Subject to the provisions hereof and of the Protective Order contemplated hereby, there shall be no reproduction whatsoever of the information encompassed hereby, except that copies for the purpose of preparation of this case for trial may be made, and copies, excerpts, or summaries may be made, shown, or given to those authorized hereby and according to the provisions hereof, provided that all such information copied to make its designation as CONFIDENTIAL clear.

5.  Counsel also agrees that counsel will advise, instruct and supervise all associates, staff and employees of counsel to keep the information confidential in the strictest possible fashion as required hereby. Counsel and parties also agree to such treatment of the information by themselves, and counsel will appropriately instruct their clients as to the protected nature of the information produced pursuant to Protective Order and the limitations on its use and disclosure.

6.  Nothing in this Order shall be construed as requiring disclosure of materials protected from disclosure by the attorney-client privilege or the work product doctrine. The entry of this Order does not waive an objection, otherwise available to a party or third person,

that a discovery request is unreasonably burdensome or harassing, or otherwise improper, in whole or in part, under the Federal Rules of Civil Procedure.

7. By agreeing to the entry of this Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

8. The termination of this litigation shall not relieve counsel or other parties obligated hereunder from their responsibility to maintain the confidentiality of materials designated CONFIDENTIAL pursuant to this Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

9. Within 60 days of the termination of this litigation, including any appeals, each Party's counsel shall return to the producing Party all materials designated CONFIDENTIAL pursuant to this Order and all extracts, abstracts, charts, summaries, notes or copies made therefore.

SO ORDERED this _5th_ day of _November_, 2007.

BY THE COURT:

UNITED STATES MAGISTRATE JUDGE

**KRISTEN L. MIX**
**U.S. MAGISTRATE JUDGE**
**DISTRICT OF COLORADO**

**STIPULATED AND AGREED TO:**

s/ Karen Hendrick Larson
Karen Hendrick Larson
1120 Lincoln Street, Suite 711
Denver, CO 80203
Telephone: (303) 831-4404
E-mail: kvirginia@aol.com
**COUNSEL FOR PLAINTIFF**

s/ William T. O'Connell, III
Cathy Havener Greer
William T. O'Connell, III
Wells Anderson & Race, LLC
1700 Broadway, Suite 1020
Denver, CO 80290
Telephone: (303) 830-1212
E-mail: cgreer@warllc.com
  woconnell@warllc.com
**COUNSEL FOR DEFENDANTS**

## EXHIBIT A

## AFFIDAVIT

STATE OF COLORADO    )
                     ) ss.
County of _____ )

_____, swears or affirms and states under penalty of perjury:

    1.    I have read the Protective Order in *Ashcraft v. Beicker, et al.*, Civil Action No. 07-cv-00860-WDM-KLM a copy of which is attached to this Affidavit.

    2.    I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are confidential Information as defined in the Protective Oder.

    3.    I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

    4.    For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the Court referenced above.

    5.    I will abide by the terms of the Protective Order.

_____
Signature

_____
Print or Type Name

Address:

_____

_____

Telephone No.: (____) _____